UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edmund D. Cokley, | ) C/A No. 9:12-3585-JMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| South Carolina Dept. of Probation, Parole & Pardon Services; Division of Young Offender Parole & Reentry Services; Wanda Pugh; State of South Carolina; South Carolina Dept. of Corrections; Monica Waltas; A/W Linda J. Braidshaw; Edgge Byines; SCDC Head Doctor; Turbeville Corrections Institution; Kethry Thompson; Deloris Glymph; Warden G. Knowling; and S.C. Attorney General, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

    Plaintiff, Edmund D. Cokley is a state prisoner at the Turbeville Correctional Institution ("TCI"), part of the South Carolina Department of Corrections ("SCDC"), and located in Turbeville, South Carolina. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, seeking monetary damages.[1]

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Further, although this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## DISCUSSION

Plaintiff alleges that Defendants failed to give him proper credit for jail time served prior to his state court sentencing in violation of S.C. Code § 24-13-40. Plaintiff also alleges that the Defendants have miscalculated his "max-out date" for the indeterminate prison sentence imposed upon Plaintiff by the Marion County General Sessions Court on August 5, 2008, under South

2



Carolina's Youthful Offender Act ("YOA"), which was not to exceed five years. Plaintiff also alleges that Defendants have unlawfully modified his sentence by lengthening it to an indeterminate YOA sentence of 1-6 years of imprisonment, that his correct max-out date was August 5, 2012, that Defendants have told him that his max-out date is October 30, 2014, and that he is therefore currently being held in prison illegally, which amounts to Defendants' kidnapping of the Plaintiff. Plaintiff seeks monetary damages for each day that he is allegedly being held unlawfully and to "make them get me out of her[e]," and be "take[n] off of papers a[nd] let me free out because what they doin[g] is wrong a[nd] unlawful[]." *See* ECF No. 1, p. 5, 10.

As to the individual Defendants who are identified by name, *i.e.* Wanda Pugh, Monica Waltas, A/W Linda J. Braidshaw, Edgge Byines, Kethry Thompson, Deloris Glymph, and Warden G. Knowling, the allegations in Plaintiff's Complaint filed in the instant case are identical to the allegations in the complaint filed by Plaintiff against these same individuals (and others) in *Cokley v. State of South Carolina, et al.*, C/A No. 9:12-2261-MGL-BM (D.S.C.), which is currently pending in this Court.[2] As to these Defendants, the instant case is subject to summary dismissal for the same reasons the complaint filed in C/A No. 9:12-2261-MGL-BM is subject to summary dismissal. In any event, this Court should not entertain two separate, virtually identical § 1983 claims filed by the same Plaintiff, seeking monetary damages for the same allegedly miscalculated prison sentence, and involving the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "[t]he District Court clearly had the right to take notice of

---

[2] *See* C/A No. 12-2261, ECF No. 1; *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949) (a district court may take judicial notice of materials in the court's own files from prior proceedings).



its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). Therefore, as Plaintiff is already being afforded a full and fair opportunity to litigate the allegations in the instant case against these Defendants within the appropriate confines of applicable court procedures in his already pending case, *Cokley v. State of South Carolina, et al.*, C/A No. 9:12-2261-MGL-BM (D.S.C.), these Defendants as well as the claims as asserted in this case should be dismissed.

As an additional ground for dismissal, the institutional Defendants which are state agencies, *i.e.* South Carolina Dept. of Probation, Parole & Pardon Services, Division of Young Offender Parole & Reentry Services, State of South Carolina, South Carolina Dept. of Corrections, and Turbeville Corrections Institution, and the state agency officials who are sued in their official capacities, *i.e.* SCDC Head Doctor, and S.C. Attorney General, are entitled to summary dismissal because these Defendants are immune from Plaintiff's claims for monetary damages.[3] The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)(reaffirming *Hans v. Louisiana*, 134 U.S. 1, 10 (1890) (holding that a citizen could not sue a state in federal court without the state's consent);

---

[3] Additionally, as to Defendants State of South Carolina, South Carolina Dept. of Corrections, and Turbeville Corrections Institution, the instant case is duplicative of *Cokley v. State of South Carolina, et al.*, C/A No. 9:12-2261-MGL-BM (D.S.C.), because these Defendants are also named as defendants in that case.

4



*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants") (*quoting Ford Motor Co. v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945));[4] *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst*, 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Indeed, Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), part of the South Carolina Tort Claims Act, expressly provides that the State of South Carolina does not waive

---

[4] A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). While a § 1983 action for damages may be brought against a state official acting in his or her individual capacity, in the instant case, Plaintiff's Complaint does not identify the named officials, individually, and does not allege any personal wrongdoing. In any event, the doctrines of vicarious liability and *respondeat superior* are not available in a § 1983 action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977).



Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf*. *Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 3, 2013
Charleston, South Carolina



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections**. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

